[Cite as *Chesney v. Chesney*, 2017-Ohio-499.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| WENDY J.W. CHESNEY, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-08-007 |
| | : | O P I N I O N |
| - vs - | | 2/13/2017 |
| | : | |
| JOSHUA K. CHESNEY, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12-DR-5994


Thomas G. Eagle, 3400 North State Route 741, Lebanon, Ohio 45036, for plaintiff-appellee

Matthew J. Barbato, 2625 Commons Blvd., Suite A, Beavercreek, Ohio 45431, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Joshua Chesney, appeals a decision of the Preble County Court of Common Pleas, Domestic Relations Division, ordering a new date range for spousal support payments Joshua is required to make to plaintiff-appellee, Wendy Chesney.

{¶ 2} The parties began divorce proceedings in 2013, and a magistrate ordered Joshua to pay $800 per month in spousal support. The spousal support order was set to

commence on August 1, 2014 or upon the sale of a home the couple owned, whichever occurred first. Spousal support would then continue for 36 months. The parties filed objections to the magistrate's decision, and the trial court remanded some issues to the magistrate for determination.

{¶ 3} In June and October 2014, the parties appeared before the magistrate for hearings on the remanded issues. The magistrate determined that some issues could not be fully addressed until the final divorce decree was filed, which occurred in 2015. In the meantime, the home sold on March 6, 2015.

{¶ 4} The trial court determined that Joshua expended his best efforts to sell the house, but that it did not sell as soon as anticipated. As a result, the trial court issued a decision regarding spousal support, ordering it to commence on April 6, 2015 for 36 months. In so doing, the trial court determined that its intent was not to reduce the amount of spousal support Joshua was ordered to pay, only to shift the payments to a time where it was more reasonable to believe that Joshua could pay spousal support as ordered.

{¶ 5} Joshua now appeals the trial court's decision, claiming that he has been paying spousal support according to the terms of the original decision since August 1, 2014 so that the trial court's order moving the commencement date back to April 6, 2015 added eight additional months to his support order. Wendy did not file a brief. Thus, App.R. 18(C) applies and provides that if the appellee fails to file a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 6} A trial court has broad discretion in determining a spousal support award. *Burns v. Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 17. Thus, a spousal support award will not be disturbed on appeal absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's

attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} The trial court's written opinion does not make reference to Joshua commencing spousal support payments on August 1, 2014, nor does the opinion reference any refusal or inability to pay spousal support as of August 1, 2014. As such, the trial court must determine whether Joshua has been paying spousal support as ordered since August 1, 2014.

{¶ 8} Until the trial court makes the necessary factual findings, however, this court is unable to review the record to determine whether the trial court's decision regarding the new time frame for spousal support constitutes an abuse of discretion. As such, the trial court's decision is reversed and the matter is remanded for the trial court's ascertainment as to whether Joshua has been making spousal support payments as ordered since August 1, 2014.

{¶ 9} Judgment reversed, and the issue is remanded for further proceedings consistent with this opinion.

HENDRICKSON, P.J., and M. POWELL, J., concur.